UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHIRLEY SLOCUM | CIVIL ACTION |
| VERSUS | NO. 16-12563 |
| INTERNATIONAL PAPER COMPANY, ET AL. | SECTION "L" (1) |

### ORDER & REASONS

Before the Court is Plaintiff Shirley Slocum's Motion to Remand, R. Doc. 16. Defendant International Paper Company Opposes the Motion. R. Doc. 21. After the Motion was filed, the Slocum case was consolidated with three other cases. See No. 16-12563 R. Doc. 25, No. 16-13346 R. Doc. 17. At oral argument the Sanders, Jarrell, and Bolton Plaintiffs adopted the Slocum Plaintiffs' arguments. The Court has reviewed the briefs, the applicable law, and the Parties' statements at oral argument. The Court now issues this Order & Reasons.

I.  BACKGROUND

These class action cases arise out of injuries allegedly sustained by Plaintiffs as a result of a discharge of "black liquor" at the Bogalusa Paper Mill. R. 1-2 at 1. Plaintiffs assert claims against Defendant, International Paper Company, for failure to provide complete and accurate information about the chemical composition and known risks presented by "black liquor" that was allegedly discharged from a ruptured evaporator tank at the Bogalusa Paper Mill. R. 1-2 at 1. Plaintiffs' theories of liability sound in negligence, strict liability, and nuisance.  R. 1-2 at 21.

Black liquor is a by-product of the paper making process. Black liquor is typically recycled in evaporator tanks for repeated use in the pulping process. R. 1-2 at 3. On June 10, 2015, the sight glass on an evaporator tank containing black liquor ruptured at the Bogalusa Paper Mill, which

1

resulted in a stream of black liquor erupting several feet into the air and dispersing into the atmosphere. R. 1-2 at 14. The next day, Defendant advised the media that there was a "slight leak" in a process unit that led to the dispersal of diluted black liquor, but that Defendant was "confident that there is no risk to human health or the environment. R. 1-2 at 14.

Plaintiffs disagree and contend that the black liquor leak caused personal injury, property damage and/or emotional distress, and argue that Defendants are liable for Plaintiffs' damages. R. 1-2 at 16. For example, one Plaintiff claims that the dispersal caused a black mist to descend on his home and then stuck to his and his children's exposed skin. R. 1-2 at 18. For several days after, the Plaintiff "experienced itchy, burning, watery eyes, [and] headaches with throat and upper respiratory irritation." R. 1-2 at 18. These Plaintiffs concede that the physical symptoms cleared "in a short period of time," but argue they continue to suffer emotional distress and fear about a reoccurrence of the event. R. 1-2 at 18.

The first of these class actions lawsuits was filed on or about June 7, 2016. Plaintiffs alleged damages for negligence, nuisance, and strict liability against IP, Bernard Chascin, the plant manager, and IP's insurers in the Parish of Washington, 22nd Judicial District, State of Louisiana. Beginning in July of 2016, Defendants removed these four class actions cases to this Court, asserting federal jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). Plaintiffs now seek to remand the cases to state court, and argue that CAFA jurisdiction does not apply.

II.   **MOTION TO REMAND**

   **A. Slocum Plaintiffs' Motion to Remand (R. Doc. 16)**

On August 29, 2016, Slocum Plaintiffs filed a Motion to Remand. R. Doc. 16. Plaintiffs contend that the Court lacks jurisdiction over this case because it was removed pursuant to the Class Action Fairness Act ("CAFA"), but is unlikely to receive class certification under Fifth

Circuit precedent. R. Doc. 16 at 1. Plaintiffs allege that under Fifth Circuit law, class certification is inapplicable to personal injury matters because the claims lack commonality or predominance. Plaintiffs also argue that the State of Louisiana is a necessary party to the case and cannot be forced to defend itself in Federal Court under the Eleventh Amendment to the United States Constitution. R. Doc. 16 at 1.

Plaintiffs argue that removal is improper because International Paper ("IP") has not established that this case will proceed as a class action, which is required to satisfy the jurisdictional provisions of CAFA. R. Doc. 16-1 at 1. Plaintiffs also argue that the claims do not satisfy class action commonality requirements, and therefore CAFA does not apply to this case. R. Doc. 16-1 at 6. In the alternative, Plaintiffs maintain that the Court should exercise its discretion to abstain from this case, as CAFA allows a district court to decline to exercise jurisdiction over a class action in certain situations. R. Doc. 16-1 at 4; 28 U.S.C. §1332(d)(3). Plaintiffs note that CAFA was enacted to further federal jurisdiction over class actions of national interest. R. Doc. 16-1 at 5. Plaintiffs argue that there is no national interest in this case; however because of its proximity to the paper mill the State Court in Washington Parish does have a compelling interest in this matter. Because there is no national interest in the case at hand, Plaintiffs argue that jurisdiction under CAFA is inappropriate, and the Court should abstain from the case. R. Doc. 16-1 at 5.

Finally, because the Plaintiffs have named a Louisiana state agency as a defendant, Plaintiffs claim that federal jurisdiction would violate the Eleventh Amendment. R. Doc. 16-1 at 7. Plaintiff contend that a state's Eleventh Amendment right can only be abrogated by clear legislative intent, and CAFA contained no such express provision modifying state's sovereign

rights. R. 16-1 at 7.  Thus, Plaintiffs take the position that the state of Louisiana cannot be required to defend itself in federal court, necessitating a remand to state court. R. Doc. 16-1 at 8.

### B.  Defendant International Paper's Opposition (R. Doc. 21)

Defendant argues that removal was appropriate, and Plaintiffs' motion seeking remand should be denied, as they have failed to demonstrate that this case does not meet the requirements for CAFA jurisdiction. R. Doc. 21 at 1. First, Defendant argues that Plaintiffs have not rebutted any of the facts set out in the Defendant's motion to remove this case. Second, Defendant contends it is not required to prove Plaintiffs' claims will be certified as a class in order to invoke federal jurisdiction. R. Doc. 21 at 2. According to Defendant, if a case is removed pursuant to CAFA, federal jurisdiction continues to exist even if class certification is denied. R. Doc. 21 at 2.

Next, Defendant argues that the Court's discretionary authority to abstain from exercising jurisdiction is not applicable in this case. R. Doc. 21 at 3. Citing Fifth Circuit precedent, Defendant argues that if CAFA jurisdiction exists, the Court must exercise its jurisdiction unless Plaintiffs demonstrate that an exception applies. R. Doc. 21 at 3 (citing *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545-46 (5th Cir. 2006)). Defendant acknowledges that Section 1332(d)(3) provides district courts with the discretion to abstain from applying CAFA jurisdiction in some cases, but avers that exception does not apply here. R. Doc. 21 at 4. Section 1332(d)(3) states:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate **and the primary defendants are citizens of the State** in which the action was originally filed . . .

28 U.S.C. § 1332(d)(3) (emphasis added). Defendant argues that because the primary defendant is not a Louisiana citizen, this "local interest" exception does not apply. R. Doc. 21 at 4. In the alternative, Defendant contends that even if section 1332 (d)(3) did apply, abstention is not warranted here. R. Doc. 21 at 5. According to Defendant, the fact that IP is a New York citizen

4

triggers questions of interstate and national interest, such that the local controversy exception is inapplicable. R. Doc. 21 at 5.

Additionally, Defendant argues that Plaintiff's Eleventh Amendment arguments fail because the only state defendant, the Louisiana Department of Environmental Quality ("LDEQ"), is not a primary defendant. R. Doc. 21 at 6. Furthermore, Defendant contends that under Fifth Circuit precedent, the LDEQ's potential liability as a defendant in this case does not destroy CAFA jurisdiction. R. Doc. 21 at 6 (citing *Frazier*, 455 F.3d at 546).

In the alternative, Defendant contends that Plaintiffs do not dispute that International Paper has met the requirements for diversity jurisdiction. R. Doc. 21 at 7. Defendants argue that IP is a resident of New York, none of the plaintiffs are New York citizens, and LDEQ is not a citizen of any state for diversity purposes. R. Doc. 21 at 7 (citing *Frazier*, 455 F.3d at 547). Additionally, the amount in controversy as to one plaintiff exceeds $75,000 and supplemental jurisdiction is appropriate to the other Plaintiffs. R. Doc. 21 at 7 (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). Thus, Defendant avers that removal was appropriate in this case.

### III. LAW AND ANALYSIS

As the removing party, International Paper has the burden of establishing federal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Removal jurisdiction "raises significant federalism concerns" and is strictly construed. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts regarding jurisdiction should be resolved against exercising jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). In addressing a motion to remand the Court looks to the claims in the state court complaint at the time of removal to assess diversity jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### A. Diversity Jurisdiction under the Class Action Fairness Act

Under CAFA, federal district courts have diversity jurisdiction over civil actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and which is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant" and the class has at least 100 members. 28 U.S.C. § 1332(d)(2), (d)(5). If there is minimal diversity, a class of 100 members or more, and more than $5,000,000 in controversy, a class action filed in state court is properly removable to federal court. The party removing to federal court has the burden of establishing jurisdiction under CAFA. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 797 (5th Cir. 2007). CAFA jurisdiction, where appropriate, applies to any class action before or after the entry of a class certification order. Fed. R. Civ. Pro. 23; 28 U.S.C. § 1332(d)(8).

Here, Plaintiffs do not dispute that minimal diversity exists, that CAFA's jurisdictional amount requirements are met, that Plaintiffs satisfy CAFA's numerosity requirement, or that the claims involve common questions of law or fact. Instead, Plaintiffs argue that the Defendant has failed to demonstrate that the Plaintiffs class will be approved, or in the alternative that this Court should exercise its discretion to remand this action in this interests of justice.

First, Defendant is not required to demonstrate that Plaintiffs will be certified as a class in order to establish CAFA jurisdiction. CAFA jurisdiction applies to any class action before or after the entry of a class certification order. Fed. R. Civ. Pro. 23; 28 U.S.C. § 1332(d)(8). The statute defines "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Thus, if a civil action is filed under Rule 23 of the Federal Rules of Civil Procedure and meets the requirements

of CAFA, the district court retains jurisdiction—even if the class certification is later denied. *Samuel v. Universal Health Servs.*, 805 F. Supp. 2d 284, 288 (E.D. La. 2011); *see also Sims v. Carrington Mortg. Servs., L.L.C.*, 538 F. App'x 537, 540 (5th Cir. 2013) (recognizing that "[o]ur sister circuits have held that 'federal jurisdiction under the Class Action Fairness Act does not depend on certification.' *Cunningham Charter Corp. v. Learjet, Inc.,* 592 F.3d 805, 806 (7th Cir. 2010); *see also Buetow v. A.L.S. Enters., Inc.,* 650 F.3d 1178, 1182 n. 2 (8th Cir. 2011); *Metz v. Unizan Bank,* 649 F.3d 492, 500 (6th Cir. 2011); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.,* 602 F.3d 1087, 1091–92 (9th Cir. 2010); *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1268 n.12 (11th Cir. 2009)."). Thus, Defendants have no obligation to demonstrate that Plaintiffs will prevail on their class certification.

Second, the Court finds that the discretionary exception to CAFA does not apply in this case. CAFA's discretionary exception provides:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of . . . . whether the claims asserted involve matters of national or interstate interest . . .

28 U.S.C. § 1332(d)(3). Here, there is no dispute that International Paper is the primary defendant. International Paper is a New York corporate citizen, with a principal place of business in Tennessee. This action was filed in Louisiana; thus the "primary defendants" are not "citizens of the state in which the action was originally filed." 28 U.S.C. § 1332(d)(3). Therefore, the Court cannot decline to exercise jurisdiction over this matter, even if the claims involve matters of predominantly local interests.

### B. Sovereign Immunity Under the Eleventh Amendment

Next, Plaintiffs contend that the federal court lacks jurisdiction because the LDEQ is a state entity and exercising jurisdiction would violate sovereign immunity under the Eleventh Amendment. However, while the LDEQ was named in the Complaint, they have not yet been served. Also, Plaintiffs—not the state—raise arguments based on sovereign immunity. "A federal court may ignore sovereign immunity until the state asserts it." *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 547 (5th Cir. 2006). In *Frazier v. Pioneer Americas LLC*, plaintiffs filed suit against a company which operated hydrogen processing equipment after it released more than double the amount of mercury allowed by its federal permits. *Id*. at 544. Plaintiffs sued the company in state court, and added the Louisiana Department of Environmental Quality as a defendant. *Id*. Pioneer removed the case to federal court pursuant to CAFA jurisdiction, and plaintiffs filed a motion to remand, which the district court denied. *Id*. On appeal, plaintiffs argued that the case was not removable under CAFA and federal jurisdiction violated the Eleventh Amendment. *Id*.

Addressing the sovereign immunity issue, the Fifth Circuit determined that the suit did not violate the Eleventh Amendment or principles of sovereign immunity. *Id*. at 546. The Court explained:

> Because CAFA eliminated the requirement of unanimity of consent to removal, a state may find itself in a case removed to federal court without having joined in the removal. Such a state, having taken no affirmative act, has not waived immunity and can still assert it . . . . the simple act of assuming jurisdiction over a case with a state defendant does not step on its sovereign immunity. A federal court may ignore sovereign immunity until the state asserts it.

*Id* at 546–47. Here, like the state defendant in *Frazier*, the LDEQ has not objected to this Court's jurisdiction. Thus, exercising jurisdiction over the state defendant will not violate sovereign immunity.

**IV. CONCLUSION**

While the Court recognizes that it is probable this class will not be certified under Fifth Circuit precedent, successful class certification is not a prerequisite to CAFA jurisdiction. Additionally, under the plain language of the statute, the circumstances of this case do not allow for discretionary abstention, even if the claims do not raise national or federal interests and may be more easily handled by local state courts. The Defendants have met the requirements of CAFA jurisdiction. Thus, in light of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," the Court retains jurisdiction of this case. *Colo. R. Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976).

Therefore, for the foregoing reasons Plaintiffs' Motion to Remand, R. Doc. 16, is **DENIED**.

New Orleans, Louisiana this 3rd day of November, 2016.

_____
UNITED STATES DISTRICT JUDGE