UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIRLEY SLOCUM, ET AL.** | CIVIL ACTION |
| VERSUS | NO. 16-12563 |
| **INTERNATIONAL PAPER COMPANY, ET AL.** | |
| **DERRICK SANDERS, ET AL.** | NO. 16-12567 |
| VERSUS | |
| **INTERNATIONAL PAPER COMPANY, ET AL.** | NO. 16-13793 |
| **BRENT JARRELL, ET AL.** | |
| VERSUS | |
| **INTERNATIONAL PAPER COMPANY, ET AL.** | SECTION "L" (1) |

## ORDER

Before the Court are the following motions filed by Defendant International Paper, Company ("IP"): (1) "Motion *in limine* to exclude evidence of substances and releases not at issue," R. Doc. 566; (2) "Motion for expedited consideration of the motion *in limine* to exclude evidence of substance and releases not at issue," R. Doc. 567; (3) "Motion for reconsideration of the Court's granting of Plaintiffs' motion to compel," R. Doc. 568; (4) "Motion for expedited consideration of the motion for reconsideration of the Court's granting of Plaintiffs' motion to compel," R. Doc. 569. Plaintiffs filed an "Emergency Memorandum in Opposition to International Paper's *Ex Parte* Motion to Expedite Consideration of Defendant's Motion in Limine (Rec. Doc. 566 & 567)," R. Doc. 570. Having considered the briefing and the applicable law, the Court now rules as follows.

IP's motions for expedited consideration, R. Docs. 567 & 569, are **GRANTED**. The Court further finds that IP's "Motion *in limine* to exclude evidence of substance and releases not at issue," R. Doc. 566, is well-taken. From its inception, this now-six-year-old litigation has concerned solely Defendant's liability, if any, for the release of black liquor from its paper mill in Bogalusa, Louisiana on June 10, 2015. Accordingly, the theories of liability, such as negligence and nuisance, have hinged entirely on the release of black liquor. Furthermore, the Court certified this matter as a class action and, ultimately, redefined the class based upon the presence and concentrations of black liquor in the area surrounding the paper mill. R. Doc. 255. And following a bench trial, the Court found IP liable for the release of black liquor into the Bogalusa community. R. Doc. 509. In short, this case has always centered on the rupture of black liquor from IP's Bogalusa paper mill. Now, at the damages phase of this class action, the Court will not permit Plaintiffs to inject wholly new issues pertaining to substances other than black liquor when such issues were never pleaded or otherwise properly raised until this moment. It is also far too late for Plaintiffs to amend their pleadings to include issues pertaining to substances allegedly released by IP besides black liquor.

On the other hand, the Court finds that IP has not shown that the exacting requisites for granting a motion for reconsideration are satisfied. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

For these reasons,

**IT IS ORDERED** that IP's "Motion for expedited consideration of the motion *in limine* to exclude evidence of substances and releases not at issue," R. Doc. 567, and IP's "Motion for expedited consideration of the motion for reconsideration of the Court's granting of Plaintiffs' motion to compel," R. Doc. 569, are **GRANTED.**

**IT IS FURTHER ORDERED** that IP's "Motion *in limine* to exclude evidence of substance and releases not at issue," R. Doc. 566, is **GRANTED**.

**IT IS FURTHER ORDERED** that IP's "Motion for reconsideration of the Court's granting of Plaintiffs' motion to compel," R. Doc. 568, is **DENIED**.

New Orleans, Louisiana, this 15th day of March, 2022.

*/s/ Eldon E. Fallon*

**UNITED STATES DISTRICT JUDGE**